**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| APPLIED BIOLOGICS LLC, a South Dakota limited liability company; <br><br>             Plaintiff, <br><br>     v. <br><br> VIRTUAL MEDICAL SOLUTIONS, PLLC, an Oklahoma professional limited liability company; <br><br>             Defendant. | CASE NO. CIV-25-436-DES |

**COMPLAINT**

(Breach of Contract; Account Stated; Alternative Claim for Unjust Enrichment)

Applied Biologics LLC ("Plaintiff") for its Complaint against Defendant Virtual Medical Solutions, PLLC ("Defendant"),[1] hereby alleges as follows:

**PARTIES**

1. Plaintiff is a foreign manager-managed limited liability company organized and existing under the laws of the State of South Dakota, with its principal place of business located in Scottsdale, Arizona. Plaintiff's sole manager and sole member is Aspen Biotech Corporation, a domestic for-profit corporation organized under the laws of the State of Delaware with its principal place of business in Scottsdale, Arizona, and is therefore a citizen of Delaware and Arizona.

2. Defendant is a domestic professional limited liability company organized and existing under the laws of the State of Oklahoma, with its principal place of business located in Searcy, Arkansas. Scott Cooper is Defendant's sole member and manager and is domiciled in the

---

[1]    Plaintiff, together with Defendant, are each a "Party," and collectively, the "Parties."

4908-0841-9193\2

State of Oklahoma. Thus, Defendant is a citizen of the State of Oklahoma.

## JURISDICTION AND VENUE

3.    The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4.    The Court has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and the Due Process Clause of the Fourteenth Amendment because Defendant conducts, or has conducted, business in the Eastern District of Oklahoma, and Defendant has caused certain events to occur in the Eastern District of Oklahoma out of which this action arises.

5.    Venue in the Eastern District of Oklahoma is proper pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

6.    Plaintiff is a fully-integrated life sciences company providing, among other things, product development, manufacturing and distribution of various medical technologies.

7.    Plaintiff manufactures and distributes a medical product called XWRAP® (the "Product").

8.    The Product is an allograft that is used in the management of chronic wounds such as diabetic foot ulcers, venous stasis ulcers, and pressure ulcers.

9.    Defendant purchased the Product from Plaintiff.

10.    Thereafter, Plaintiff shipped the Product to Defendant and invoiced Defendant for the Product, as set forth below (the "Invoice"):

|   | Invoice No. | Invoice Date | Due Date | Amount |
|---|---|---|---|---|
| 1. | 6689 | 8/29/2024 | 9/28/2024 | $336,060.00 |
| **TOTAL** | | | | **$336,060.00** |

A true and correct copy of the Invoice is attached hereto and incorporated herein by reference as

-2-

**Exhibit 1**.

11. Pursuant to the terms of the Invoice, and as reflected in the table above, payment for the Product was due within thirty (30) days of the date listed on the Invoice.

12. Defendant made partial payments towards the Invoice, totaling $168,560.00.

13. However, to date, Defendant has failed to remit payment to Plaintiff for the remaining balance of the Invoice, totaling $167,500.00.

14. Defendant, on information and belief, used the Product that Plaintiff provided to it, but Defendant has failed or refused to remit payment to Plaintiff for the Product.

15. As of September 26, 2025, Defendant was indebted to Plaintiff under the Invoice in the amount of $167,500.00. (the "Outstanding Amount").

16. On or about September 26, 2025, Counsel for Plaintiffs sent Defendant a Demand for Payment letter (the "Demand Letter"), demanding Defendant pay Plaintiff for the Product it received by October 6, 2025. A true and correct copy of the Demand Letter is attached hereto and incorporated herein as **Exhibit 2**.

17. Defendant has failed or refused to remit the Outstanding Amount owed to Plaintiff.

18. At all relevant times, Plaintiff has fully complied with its obligations under the Invoice.

19. Pursuant to applicable law, including without limitation 12 Okla. Stat. § 936(A), Plaintiff is entitled to recover its reasonable attorneys' fees and costs in connection with collection of payment due under the Invoice.

## CAUSES OF ACTION

## COUNT I

### (Breach of Contract)

20. Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

21. Plaintiff and Defendant entered into a valid and binding contract under which Plaintiff and Defendant agreed that Plaintiff would provide Product to Defendant on account, and

that Defendant would pay to Plaintiff the balance of the account.

22.     The Invoice evidences this valid and binding contract.

23.     At all relevant times, Plaintiff performed all of its contractual obligations, namely, delivery of the Product that Defendant purchased from Plaintiff.

24.     Under the Invoice, Defendant has a contractual obligation to pay Plaintiff for the Product it received from Plaintiff.

25.     Defendant has materially breached its contractual obligations by failing or refusing to pay the Outstanding Amount due under the Invoice to Plaintiff.

26.     As a direct and proximate result of Defendant's material breach of its payment obligations under the Invoice, Plaintiff has been damaged in an amount to be proven at trial, but not less than the Outstanding Amount.

## COUNT II

### (Account Stated)

27.     Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

28.     Plaintiff and Defendant agreed that Plaintiff would provide Product to Defendant on account, and that Defendant would pay to Plaintiff the balance of the account.

29.     Plaintiff issued an Invoice to Defendant as set forth herein, and Defendant did not object to the amount due.

30.     Defendant agreed, expressly or by implication, that the account balance is correct.

31.     Defendant failed to pay Plaintiff when the amount became due and owing.

32.     The account remains unpaid, and Plaintiff is due the balance of the account.

## COUNT III

### (Alternative Claim for Unjust Enrichment)

33.     Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

34.     By providing the Product to Defendant as set forth herein and evidenced by the

Invoice, Plaintiff conferred a benefit upon Defendant, with Defendant's express consent and at Defendant's express request.

35.     Plaintiff reasonably expected payment for the benefit conferred by Plaintiff, without delay.

36.     It would be unjust for Defendant to retain the benefit Plaintiff conferred without restitution not less than the Outstanding Amount.

**WHEREFORE**, Plaintiff prays for judgment in its favor and against Defendant Virtual Medical Solutions, PLLC, as follows:

A.     Awarding Plaintiff the Outstanding Amount due under the Invoice;

B.     Awarding Plaintiff pre-judgment and post-judgment interest on the foregoing amounts at the highest rate allowed under applicable law;

C.     Awarding Plaintiff all of its attorneys' fees, costs and expenses pursuant to applicable law, including without limitation 12 Okla. Stat. § 936(A);

D.     Alternatively, finding that Defendant has been unjustly enriched as a result of receiving the Product as evidenced by the Invoice, but without remitting payment to Plaintiff for the Product; and

E.     Awarding Plaintiff such other and further relief as the Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 2nd day of December, 2025.

*/s/ James C. Milton*
James C. Milton, OBA #16697
Sarah E. Sadler, OBA #35218
**HALL, ESTILL, HARDWICK,**
**GABLE, GOLDEN & NELSON, P.C.**
521 East 2nd Street, Suite 1200
Tulsa, OK 74120
(t) 918-594-0577; (f) 918-594-0505
jmilton@hallestill.com
ssadler@hallestill.com
**ATTORNEYS FOR PLAINTIFF**
**APPLIED BIOLOGICS, LLC**

21420931.1:017298.00001